UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| KEVIN WASBAUER and JOANNE WASBAUER, individually and as next friends and guardians of A. WASBAUER, a minor, § § § § § | |
| Plaintiffs, § § | Case No. 6:10-cv-38<br>JURY DEMANDED |
| vs. § § | |
| BUMBO PTY. LTD., a foreign corporation, § § | |
| Defendant. | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Kevin Wasbauer and Joanne Wasbauer, individually and as next friends and guardians of A. Wasbauer, a minor ("PLAINTIFFS") hereby file their Original Complaint, and complain of Defendant, Bumbo Pty. Ltd. ("BUMBO" or "DEFENDANT") as follows:

## JURISDICTION AND VENUE

1.      The present action alleges products liability, negligence, misrepresentation, and malice under California law arising out of PLAINTIFFS' use of the Bumbo Baby Sitter ("BUMBO SEAT").

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

3.      The Court has personal jurisdiction over BUMBO. BUMBO has conducted and does conduct business within the State of Texas. BUMBO contracts with Texas entities and does

business within the State of Texas. Moreover, BUMBO, directly and/or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises the BUMBO SEAT, in the United States, the State of Texas, and the Southern District of Texas. BUMBO has purposefully and voluntarily placed the BUMBO SEAT into the stream of commerce with the expectation that it will be purchased by consumers in the Southern District of Texas. The BUMBO SEAT has been and continues to be purchased by consumers in the Southern District of Texas.

4. Venue is proper in this District under 28 U.S.C. §1391(a)(1) because BUMBO "resides" in the Southern District of Texas - as that term is defined by 28 U.S.C. §1391(c) - because BUMBO is subject to personal jurisdiction in the Southern District of Texas.

## PARTIES

5. PLAINTIFFS Kevin Wasbauer and A. Wasbauer are individuals who are citizens of and reside in Half Moon Bay, California. PLAINTIFF Joanne Wasbauer currently resides in Brookings, Oregon. All PLAINTIFFS were citizens of and resided in Half Moon Bay, California at the time that the BUMBO SEAT at issue was used and this accident occurred.

6. BUMBO is a foreign corporation with its place of business at Rosslyn 0200, Gauteng, South Africa. BUMBO'S attorneys have agreed to accept service on BUMBO'S behalf and enter an appearance for BUMBO in this matter.

## FACTUAL ALLEGATIONS

7. The BUMBO SEAT is designed for use by infants. Specifically, the BUMBO SEAT was designed and marketed "to seat babies independently in an upright sitting position from as young as 3 months up to an age of approximately 14 months…thereby providing a snug and cozy environment for your baby."

8. The BUMBO SEAT was actively marketed for use on elevated surfaces. In fact, website photos depicting the BUMBO SEAT routinely showed it being used on top of tables, countertops, and even on top of a piano bench. And, the box in which the BUMBO SEAT was sold contained a picture of three infants sitting in BUMBO SEATS on top of what appeared to be a table, at a birthday party, with cake and balloons. There are no adults anywhere in the birthday party photograph:



9. The BUMBO SEAT was specifically designed and manufactured without a seatbelt. BUMBO used the fact that the BUMBO SEAT did not have a seatbelt to obtain a marketing advantage with consumers. In particular, BUMBO routinely described the BUMBO SEAT as follows: "The seat does not require any uncomfortable straps or fasteners. It is designed that the baby's own body gently keeps baby in place." Statements such as this one lead consumers to believe that even though the BUMBO SEAT contained no seatbelt, a child could not get out of the BUMBO SEAT.

10. The BUMBO SEAT was also advertised as being "your extra set of hands," and was promoted as being great for feeding. Moreover, the BUMBO SEAT was marketed as being

safe to use "on any flat surface."  In fact, the following photograph, which appears to show a mother feeding a baby on top of a table, was also on the BUMBO box, and appeared on websites advertising the BUMBO SEAT for sale:



### A. The Incident

11.   Kevin and Joanne Wasbauer received the BUMBO SEAT at issue as a gift from their friends.  On May 8, 2008, while the Wasbauer's were at their home in Half Moon Bay, California, Kevin and Joanne Wasbauer (A. Wasbauer's parents), properly put A. Wasbauer into the BUMBO SEAT.  They then placed the BUMBO SEAT on top of their kitchen counter.  A. Wasbauer was six months old at the time.  Suddenly and without warning, A. Wasbauer fell out of the BUMBO SEAT, onto a hard floor, suffering severe head injuries as a result of the impact.  As a result of her injuries, A. Wasbauer was hospitalized and required extensive medical treatment.

### B. Kevin and Joanne Wasbauer Witnessed the Incident.

12.   Kevin and Joanne Wasbauer were within a few feet of their daughter when she fell out of the BUMBO SEAT, and they witnessed the entire event.

13. At the time Kevin and Joanne Wasbauer received the BUMBO SEAT, it was defective and unsafe for its intended purpose. Specifically, The BUMBO SEAT did not contain a seatbelt or harness to hold A. Wasbauer in place. Similarly, the BUMBO SEAT was designed in a manner that would allow a child such as A. Wasbauer to easily fall out of the seat. Moreover, the BUMBO SEAT lacked adequate warnings to apprise the Wasbauers of the dangers and serious risk of using the BUMBO SEAT on elevated surfaces, even though BUMBO knew that children could get out of the BUMBO SEAT. Plainly, the BUMBO SEAT failed to perform as safely as Kevin and Joanne Wasbauer, as ordinary consumers, would expect when they used it in its intended and reasonably foreseeable manner. As a result, A. Wasbauer was seriously injured.

## COUNT I
## STRICT PRODUCTS LIABILITY

14. PLAINTIFFS incorporate herein the allegations of paragraphs 1 through 13.

15. The BUMBO SEAT in question was originally designed, manufactured, marketed, and sold by BUMBO.

16. At the time that the BUMBO SEAT was sold, BUMBO was in the business of designing, manufacturing, marketing, and selling BUMBO SEATS, such as the BUMBO SEAT in question. BUMBO intended that the BUMBO SEAT would reach members of the public, such as PLAINTIFFS, and knew or should have known that the members of the public would use to BUMBO SEAT with the expectation and belief that it was safe for its intended use.

17. BUMBO is liable under the doctrine of strict liability for placing the BUMBO SEAT in question into the stream of commerce and is liable for the injuries produced by the defects in the BUMBO SEAT in question, including the injuries of PLAINTIFFS.

18. At the time that BUMBO placed the BUMBO SEAT into the stream of commerce, and at the time that PLAINTIFFS used the BUMBO SEAT, it was defective, unsafe, and unreasonably dangerous in that:

(a) The BUMBO SEAT as designed, manufactured, marketed and sold failed to incorporate a seatbelt, safety harness or other device that would secure a child such as A. Wasbauer, and keep her from falling out;

(b) The BUMBO SEAT as designed, manufactured, marketed and sold was designed in such a way that its sides and back were low enough to allow a child to easily maneuver out of the seat, or otherwise extricate herself from the seat;

(c) The BUMBO SEAT as designed, manufactured, marketed and sold did not provide adequate warnings on the dangers associated with its use;

(d) The BUMBO SEAT as designed, manufactured, marketed and sold was defective in its warnings;

(e) The BUMBO SEAT as designed, manufactured, marketed and sold not only failed to include adequate warnings that a baby could fall out of it, but the marketing information for the BUMBO SEAT actually promoted its use in ways that increased the danger of injuries to babies by falling.

19. As a direct and proximate result of the foregoing defects, PLAINTIFFS sustained serious injuries and damages.

20. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was at the time it was placed into the stream of commerce. PLAINTIFFS made no modifications to the BUMBO SEAT after they received it as a gift.

## COUNT II
## NEGLIGENCE

21. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 20.

22. BUMBO committed acts of omission and commission, which collectively and severally constituted negligence, and which were a proximate cause of the injuries to PLAINTIFFS.

23. BUMBO's acts of negligence include, but are not limited to the following:

   (a) Negligently designing the BUMBO SEAT such that a child using the BUMBO SEAT in a foreseeable manner could fall out;

   (b) Negligently designing the BUMBO SEAT without a seatbelt, safety harness or straps to prevent children from coming out of the BUMBO SEAT;

   (c) Negligently failing to test the BUMBO SEAT to ensure that children using it in a foreseeable manner could not fall out;

   (d) Negligently failing to adequately warn consumers that children could fall out of the BUMBO SEAT when it was being used in a foreseeable manner.

24. A reasonable designer, manufacturer, marketer and seller of juvenile products would have better designed, tested, and marketed the BUMBO SEAT and would have better instructed consumers on the safe use of the BUMBO SEAT, to prevent the type of injuries that PLAINTIFFS sustained.

25. At the time of the accident, the BUMBO SEAT was in substantially the same condition as it was when it was placed into the stream of commerce. PLAINTIFFS made no modifications to the BUMBO SEAT after they received it as a gift.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 25.

27. At the time of the accident, Kevin and Joanne Wasbauer, A. Wasbauer's parents, were located near the scene of the accident and witnessed their daughter's accident and resulting injuries. Kevin Wasbauer and Joanne Wasbauer suffered severe physical shock and distress from the direct emotional impact that occurred from their sensory and contemporaneous observation of their daughter's accident and resulting injuries.

28. BUMBO was negligent in designing, testing, marketing, and distributing the BUMBO SEAT that caused PLAINTIFFS' injuries. BUMBO is also strictly liable for its defective design and marketing (failure to adequately warn) of the dangers associated with the BUMBO SEAT.

29. As such, Kevin Wasbauer and Joanne Wasbauer are entitled to damages for the mental distress and anguish that they suffered as a result of witnessing the accident and injuries to their daughter.

## COUNT IV
## MALICE BY BUMBO

30. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 29.

31. BUMBO knew as early as 2004 that children were capable of getting out of the BUMBO SEAT. BUMBO also knew, as early as 2004, that in conjunction with its marketing of the BUMBO SEAT, parents were using the product on elevated surfaces, such as tables and chairs, and BUMBO was also actually aware that children were falling from these elevated surfaces and suffering serious injuries. BUMBO continued to receive numerous complaints of

this nature in the years that followed. In fact, as BUMBO'S sales of the BUMBO SEAT increased, so did the complaints about the BUMBO SEAT'S defects.

32. Despite having actual knowledge of the dangers associated with the BUMBO SEAT, and the potential of the BUMBO SEAT to cause serious injury to children, BUMBO continued to market the BUMBO SEAT for use on elevated surfaces. In fact, BUMBO actively marketed the BUMBO SEAT in this manner until the U.S. Consumer Product Safety Commission issued a recall of the BUMBO SEAT in 2007.

33. At no time prior to the recall did BUMBO undertake any effort to evaluate its warnings and marketing materials to determine if they could be improved to decrease the risk of injury to children using the BUMBO SEAT. Similarly, at no time prior to, *or since,* the recall has BUMBO undertaken any effort to evaluate the design of the BUMBO SEAT to determine if it could be reconfigured to prevent children from getting out of it. This is despite the fact that BUMBO is now actually aware of dozens of incidents where children were seriously injured using the BUMBO SEAT. Had BUMBO effectively evaluated its design, warnings or marketing materials prior to PLAINTIFFS' use of the BUMBO SEAT, PLAINTIFFS' injuries could have been prevented.

34. BUMBO'S acts and omissions – failing to review, evaluate, and change its marketing, warnings and design of the BUMBO SEAT - involved an extreme degree of risk – serious injury to children – and demonstrated a willful and wanton disregard for the rights and safety of others. BUMBO'S conduct also deviated from the normal standard of care undertaken by a manufacturer of products intended for use by children. BUMBO was aware of the probability that children would get out of the BUMBO SEAT. BUMBO was also aware of the magnitude of the potential harm that children, such as A. Wasbauer, were likely to suffer as a

result. At the time of A. Wasbauer's accident, BUMBO was actually aware of the real likelihood that children such as A. Wasbauer could be seriously injured using the BUMBO SEAT. Despite this, BUMBO did nothing to reduce or prevent the injuries of A. Wasbauer and other children like her. As such, BUMBO acted with malice and is liable for exemplary damages.

## DAMAGES

35. PLAINTIFFS incorporate herein the allegations of Paragraphs 1 through 34.

36. PLAINTIFFS seek damages from Defendant arising from the injuries that A. Wasbauer suffered as a result of the accident. Specifically, PLAINTIFFS seek damages for the following:

    (a) Past and future medical expenses of A. Wasbauer;

    (b) Past and future pain and suffering of A. Wasbauer;

    (c) Past and future mental anguish of A. Wasbauer;

    (d) Future loss of earning capacity for A. Wasbauer;

    (e) Past and future disfigurement of A. Wasbauer; and

    (f) Past and future physical impairment of A. Wasbauer.

37. PLAINTIFFS also seek damages from Defendant arising from the mental anguish suffered by Kevin Wasbauer and Joanne Wasbauer as a result of their witnessing their daughter's horrific accident and resulting injuries.

38. PLAINTIFFS also seek punitive damages from BUMBO.

39. PLAINTIFFS also seek pre-judgment and post-judgment interest as provided by law.

## JURY DEMAND

40. PLAINTIFFS request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that this cause of action be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendant for their actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves justly entitled, whether at law or in equity.

**Respectfully submitted**,

**DATED:  May 6, 2010**               By: /s/ M. Ross Cunningham
                                                                      M. Ross Cunningham
                                                                      Texas State Bar No. 24007062
                                                                      Southern District No. 34405
                                                                      **ROSE WALKER, L.L.P.**
                                                                      3500 Maple Ave., Suite 900
                                                                      Dallas, TX 75219
                                                                      Telephone: (214) 752-8600
                                                                      Facsimile:  (214) 752-8700
                                                                      rcunningham@rosewalker.com

                                                                      **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Elizabeth M. Cunningham
Texas State Bar No. 24008069
Southern District No. 27809
**ROSE WALKER, L.L.P.**
3500 Maple Ave., Suite 900
Dallas, TX 75219
Telephone: (214) 752-8600
Facsimile:  (214) 752-8700
lcunningham@rosewalker.com


Adam K. Pulaski
**Attorney-in- charge**
Texas State Bar No. 16385800
**PULASKI & MIDDLEMAN, L.L.C.**
6800 West Loop South, Suite 200
Bellaire, TX 77401
Telephone: (713) 664-4555
Facsimile:  (713) 664-7543
adam@pulaskilawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail and certified mail on May 6, 2010 on the following:

Nelson Skyler
Tarush R. Anand
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

    /s/  M. Ross Cunningham_____